UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ZLATKO HADROVIC,<br><br>　　　　　　Plaintiff(s),<br>　v.<br>MARY BRAUN, et al.,<br><br>　　　　　　Defendant(s). | CASE NO. C25-0872-KKE<br><br>ORDER GRANTING PLAINTIFF'S MOTION TO REMAND AND DENYING DEFENDANTS' MOTIONS TO DISMISS |

Plaintiff Zlatko Hadrovic alleges an online scammer used false identification to deceive him into transferring money into various bank accounts by telling him a sham story about a shipment of gold. In addition to suing the alleged scammer, Hadrovic sues the banks in which the accounts were located seeking to recover his money. He filed this lawsuit in state court, but the banks removed it to federal court based, initially, on diversity jurisdiction. The banks now move to dismiss. Dkt. Nos. 26, 28, 29. And Hadrovic moves to remand the case back to state court. Dkt. No. 30.

Because Hadrovic's claims against one of the banks do not meet the amount-in-controversy requirement for federal diversity jurisdiction and a statute prohibits the Court from exercising supplemental jurisdiction under the circumstances, the Court will grant Hadrovic's motion to remand. And because the case will be returning to state court, the Court will deny the banks' motions to dismiss as moot.

ORDER GRANTING PLAINTIFF'S MOTION TO REMAND AND DENYING DEFENDANTS' MOTIONS TO DISMISS - 1

## I.    BACKGROUND

Hadrovic alleges that in September 2022, an individual pretending to be named Mary Braun wrote to him that "she inherited 150kg of gold from her late father and wanted [Hadrovic] to receive that gold for safe keeping and future sales[.]" Dkt. No. 24 at 2. This individual proposed splitting the profits of future sales between the two of them. *Id.* Believing he was communicating with Braun, Hadrovic agreed to pay for packaging and shipping and made an initial $5,000 payment. *Id.* But the scammer—possibly in concert with others—continued to demand additional fees, supposedly to facilitate the shipment. *Id.* Each time Hadrovic paid the demand, the scammer (or scammers) would demand another payment. In total, Hadrovic allegedly paid hundreds of thousands of dollars for "packaging[,]" "custom taxes[,]" "custom fees[,]" a "state taxes fee[,]" "shipment security[,]" and "country bonds." *Id.*

Each time he made a payment, Hadrovic remitted money (presumably at someone's direction) into accounts at the three Defendant banks: Bank of America, N.A. ("BofA"); JP Morgan Chase Bank, N.A. ("Chase"); and Wells Fargo, N.A. ("Wells Fargo").[1] *Id.* at 3. He alleges the accounts, which are under the names of various LLCs and individuals, are actually controlled by a "Ghanian citizen who created fake [U.S.] identit[ies]" to facilitate the fraud. *Id.* at 7, 9. Using "investigators," Hadrovic identified Defendant Dennis Offei Boateng, a resident of Ghana, as the individual he now believes to be behind the scam. *Id.* at 6–7.

After being told he would have to pay another $50,000 for a "gold license" to receive the shipment, Hadrovic refused and filed this lawsuit in Snohomish County Superior Court. *Id.* at 3. He initially sued Mary Braun and another fictitious person, David Lee Young, (Dkt. No. 2-1 at 7) but later amended his complaint to add Boateng and the three banks as defendants (*id.* at 47).

---

[1] BofA and Chase both state they are incorrectly named in Hadrovic's pleadings. Dkt. No. 26 at 1, Dkt. No. 28 at 1.

ORDER GRANTING PLAINTIFF'S MOTION TO REMAND AND DENYING DEFENDANTS' MOTIONS TO DISMISS - 2

While his pleadings do not clearly identify causes of action, Hadrovic generally asserts that Defendants defrauded him and violated Washington Revised Code § 21.20.010, which prohibits securities fraud. *See* Dkt. No. 1-2 at 9; Dkt. No. 24 at 8. The Amended Complaint sought damages of around $184,000 against BofA, $232,000 against Chase, and $39,000 against Wells Fargo. Dkt. No. 1-2 at 11. Chase, with the consent of the other two banks, removed the case to this Court based on diversity jurisdiction. Dkt. No. 1.

After removal, each bank moved to dismiss Hadrovic's claims against them. Dkt. Nos. 12, 13, 16. Meanwhile, Hadrovic moved to remand the case back to state court. Dkt. No. 15. Hadrovic then filed a second motion to remand along with a proposed second amended complaint, which the Court construed as a motion for leave to amend the complaint. Dkt. Nos. 20, 21. The Court granted leave to amend (Dkt. No. 21), and Hadrovic filed his second amended complaint, which reduces the damages sought against each bank to below the $75,000 threshold in an attempt to eliminate diversity jurisdiction (Dkt. No. 24). The banks then filed renewed motions to dismiss, to which Hadrovic never responded. Dkt. Nos. 26, 28, 29. And Hadrovic filed a renewed motion to remand (Dkt. No. 30), which the banks jointly opposed (Dkt. No. 31). The motions to dismiss and motion to remand are now ripe for consideration.[2]

## II.  ANALYSIS

### A.  Legal Standard on Motion to Remand

A party may remove a state court action to federal district court only if the action could have originally been filed in federal court. *Renteria-Hinojosa v. Sunsweet Growers, Inc.*, 150 F.4th 1076, 1091 (9th Cir. 2025); 28 U.S.C. § 1441(a). If the district court determines, after

---

[2] Hadrovic also filed what he styled a "Motion for Continuance," requesting that any hearings be postponed while he was out of the country in August and September 2025. Dkt. No. 33. That time has passed, and the Court has found it unnecessary to hear oral argument or hold other hearings in this case. This motion is therefore denied as moot.

ORDER GRANTING PLAINTIFF'S MOTION TO REMAND AND DENYING DEFENDANTS' MOTIONS TO DISMISS - 3

removal, it lacks subject matter jurisdiction, it must remand the case back to state court. 28 U.S.C. § 1447(c). The Ninth Circuit has a "strong presumption" against removal. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (quoting *Nishimoto v. Federman–Bachrach & Assocs.*, 903 F.2d 709, 712 n.3 (9th Cir.1990)). Thus, "'the defendant always has the burden of establishing that removal is proper,' and ... the court resolves all ambiguity in favor of remand to state court." *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009) (quoting *Gaus*, 980 F.2d at 566).

One basis for removal is diversity jurisdiction, which exists if (1) no defendant is a citizen of the same state as any plaintiff and (2) the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a). Diversity jurisdiction in removed cases "is determined (and must exist) as of the time the complaint is filed and removal is effected." *Strotek Corp. v. Air Transp. Ass'n. of Am.*, 300 F.3d 1129, 1131 (9th Cir. 2002); *see also St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 292 (1938) ("[If] the plaintiff after removal, … by amendment of his pleadings, reduces the claim below the requisite amount, this does not deprive the district court of jurisdiction.").

A district court may also exercise supplemental jurisdiction over claims not within its original jurisdiction if the claims "are so related to claims … within [its] original jurisdiction that they form part of the same case or controversy[.]" 28 U.S.C. § 1367(a). But where original jurisdiction is based solely on diversity of citizenship, the court's power to exercise supplemental jurisdiction is subject to specific limits set forth in 28 U.S.C. § 1367(b).

**B.    The Court Lacks Jurisdiction**

Chase originally removed this case on the sole basis of diversity jurisdiction, contending that all three banks, as well as Defendant Boateng, are citizens of different states than Hadrovic (or, in Boateng's case, a foreign state) and that Hadrovic's aggregate alleged damages—totaling around $455,000—exceeded the $75,000 requirement. Dkt. No. 1 at 3. In diversity actions,

however, a plaintiff's damages against each defendant may not be aggregated to reach the jurisdictional threshold unless the defendants are jointly liable. *See Walter v. Northeastern R.R. Co.*, 147 U.S. 370, 373–74 (1893); *Libby, McNeill, & Libby v. City Nat. Bank*, 592 F.2d 504, 510 (9th Cir. 1978) ("[To] aggregat[e] claims of one plaintiff against multiple defendants … 'the plaintiff's claims against the defendants must be common and undivided so that the defendants' liability is joint and not several.'") (citation omitted).  The complaint alleges no basis for joint liability, so diversity jurisdiction exists only if Hadrovic's claims against each Defendant meet the required amount-in-controversy.

Presumably recognizing this limit, the banks now contend that the Court has diversity jurisdiction only over the claims against BofA and Chase, which exceed $75,000, but that the claims against Wells Fargo nevertheless come within the Court's supplemental jurisdiction. Dkt. No. 31 at 4.  The Court will consider each possible basis for jurisdiction in turn.

To begin, the banks are correct that diversity jurisdiction exists over the claims against BofA and Chase.  There is no dispute that none of the Defendants share Hadrovic's Washington citizenship, so there is complete diversity. *See* Dkt. No. 1 at 2–3, Dkt. No. 30 at 1–2.  And although Hadrovic contends otherwise (Dkt. No. 30), "the amount in controversy is determined as of 'the time of removal.'" *Chavez*, 888 F.3d at 414.  A plaintiff may not defeat federal jurisdiction after removal by amending the complaint to reduce the damages sought, as Hadrovic has attempted here. *St. Paul Mercury Indem. Co.*, 303 U.S. at 292.  At the time of removal, Hadrovic claimed well over $75,000 against both BofA and Chase. Dkt. No. 1-2 at 11.  So, the claims against these two banks satisfy the amount-in-controversy requirement as well.[3]  *See Gaus*, 980 F.2d at 566

---

[3] Hadrovic's claims against Boateng—the individual directly responsible for the alleged scam—would be for Hadrovic's entire losses of around $455,000. Dkt. No. 1-2 at 11.  Those claims satisfy the diversity jurisdiction requirements as well.

ORDER GRANTING PLAINTIFF'S MOTION TO REMAND AND DENYING DEFENDANTS' MOTIONS TO DISMISS - 5

(holding a defendant can establish that removal is proper "if the plaintiff claims a sum greater than the jurisdictional requirement").

The claims against Wells Fargo, however, are a different story. Although it is also diverse, the banks now concede that the claims against Wells Fargo—for approximately $39,000 (Dkt. No. 1-2 at 11, Dkt. No. 24 at 9)—do not meet the amount-in-controversy requirement and thus fall outside the Court's diversity jurisdiction. *See* Dkt. No. 31 at 3–4. Instead, they ask the Court to exercise supplemental jurisdiction over the claims because they "arise out of the same case or controversy" as those against the other two banks. *Id.*

The plain terms of the supplemental jurisdiction statute, however, prevent the Court from doing so. 28 U.S.C. § 1367(b). Section 1367(b) states that when the district court's original jurisdiction is based solely on diversity, the court "shall not have supplemental jurisdiction … over claims by plaintiffs against" parties joined under Federal Rule of Civil Procedure 20 if "exercising supplemental jurisdiction over such claims would be inconsistent with" the requirements for diversity jurisdiction. *Id.*

Here, diversity is this Court's sole basis for original jurisdiction. And Wells Fargo is joined as a defendant under Rule 20, which is the federal rule that permits joining multiple defendants in a single action if common questions of law or fact exist or if "any right to relief is asserted against them" in connection with the same series of events. Fed. R. Civ. P. 20; *see also Payton v. Nat'l Cont'l Ins. Co.*, No. CV 23-961, 2023 WL 3815288, at *3 (E.D. La. June 5, 2023) (finding section 1367(b) applied because two of three defendants "necessarily must have been made a party to this action pursuant to" Rule 19 or 20 "depending on whether their presence in this action is

required or not").[4]  Because exercising jurisdiction over the claims against Wells Fargo would be inconsistent with diversity jurisdiction's amount-in-controversy requirement, section 1367(b) forecloses supplemental jurisdiction here.  *See* § 1332(a).

The banks cite three cases they claim support exercising supplemental jurisdiction.  Dkt. No. 31 at 4.  But the first two are inapposite, and the third contradicts the weight of authority without substantively addressing the statutory language.

In the first—*Exxon Mobil Corp. v. Allapattah Servs., Inc.*—the Supreme Court held that a district court can exercise supplemental jurisdiction in diversity cases over claims by additional *plaintiffs* that do not meet the amount-in-controversy requirement, so long as one plaintiff's claims meet the requirement.  545 U.S. 546, 558–59 (2005).  But *Exxon* acknowledged that section 1367(b) mandates a different result if the insufficiently large claims are "against *defendants* joined under Rule 20."  *Id.* at 560 (emphasis added).  Indeed, the Court cited the statute's differing treatment of additional plaintiffs and defendants as support for its holding that the jurisdictional bar does not apply to claims by the former.  *Id.*

Next, the banks rely on *Ten Bridges, LLC v. Midas Mulligan, LLC*, 522 F. Supp. 3d 856 (W.D. Wash. 2021).  But that case concerned counterclaims *by* defendants, not claims *against* defendants joined under Rule 20.  *Id.* at 871–72.  Only the latter fall under section 1367(b).

Finally, the banks cite a report and recommendation (R&R) adopted by the U.S. District Court for the Western District of Louisiana.  *See Talbott on Behlaf* [sic] *of T.T. v. Texas Enters., Inc.*, No. 2:23-CV-00767, 2024 WL 1207154 (W.D. La. Mar. 4, 2024), *report and recommendation adopted*, No. 2:23-CV-00767, 2024 WL 1197809 (W.D. La. Mar. 20, 2024).  In

---

[4] It does not appear that Wells Fargo is a required party under Rule 19.  But even if it was, section 1367(b) bars supplemental jurisdiction over claims against parties joined under Rules 19 (required joinder), 14 (third-party defendants), 20 (permissive joinder), and 24 (intervenors).

ORDER GRANTING PLAINTIFF'S MOTION TO REMAND AND DENYING DEFENDANTS' MOTIONS TO DISMISS - 7

*Talbott*, the court found it could exercise supplemental jurisdiction over claims against a defendant that did not meet the amount-in-controversy requirement because the claims arose in the same case or controversy as claims against another defendant that met the requirement. *Id.* at *3–4. The decision never explained why section 1367(b) wasn't applicable and, instead, simply relied on two other R&Rs that reached similar results with little analysis of the statute. *Id.* (citing *Stayler v. Singh*, No. 22-689, 2022 WL 17491049 (W.D. La. Nov. 17, 2022), *report and recommendation adopted*, No. 2:22-CV-00689, 2022 WL 17491028 (W.D. La. Dec. 7, 2022); *Vincent v. Richardson*, No. CV 22-123-JWD-SDJ, 2023 WL 2198646 (M.D. La. Feb. 8, 2023), *report and recommendation adopted*, No. CV 22-123-JWD-SDJ, 2023 WL 2191205 (M.D. La. Feb. 23, 2023)). The Court is unaware of other decisions reaching the same conclusion, and many other courts (including others in Louisiana) have ruled that section 1367(b)'s plain language bars jurisdiction under these circumstances. *See, e.g., Payton*, 2023 WL 3815288, at *3 ("plain language of § 1367[(b)]" barred supplemental jurisdiction over claims for less than $75,000 against additional defendants in diversity action); *PHL Variable Ins. Co. v. Cont'l Cas. Co.*, No. 19-CV-06799-CRB, 2020 WL 1288454, at *5 (N.D. Cal. Mar. 18, 2020) (remanding removed case where defendants were "permissively joined parties," original jurisdiction "stem[med] from diversity," and many defendants could not "satisfy the required amount in controversy"); *State Farm Mut. Auto. Ins. Co. v. Greater Chiropractic Ctr. Corp.*, 393 F. Supp. 2d 1317, 1323 (M.D. Fla. 2005) ("Section 1367(b), by its terms, … is clear …. Even if the requirements for diversity jurisdiction are met for a claim against one defendant, the district courts may not exercise supplemental jurisdiction as to claims against different defendants, when such claims do not meet the requisite amount in controversy."); *LM Ins. Corp. v. Spaulding Enters. Inc.*, 533 F.3d 542, 555 n.5 (7th Cir. 2008) (section 1367(b) would bar supplemental jurisdiction over claims against additional defendant in diversity case where amount-in-controversy was not met).

ORDER GRANTING PLAINTIFF'S MOTION TO REMAND AND DENYING DEFENDANTS' MOTIONS TO DISMISS - 8

These authorities confirm what the statute makes clear: Courts in diversity cases may not exercise supplemental jurisdiction over claims against permissively joined defendants that do not meet the amount-in-controversy requirement. Because there is no federal jurisdiction over Hadrovic's claims against Wells Fargo, he could not have filed this action in federal court. Removal was therefore improper, and the Court must remand the case to state court.[5] 28 U.S.C. § 1447(c).

### III.  CONCLUSION

Accordingly, the Court ORDERS that:

1) Hadrovic's motion to remand (Dkt. No. 30) is GRANTED, and this case is REMANDED to the Superior Court of Washington, County of Snohomish;

2) The motions to dismiss by Chase (Dkt. No. 26), BofA (Dkt. No. 28), and Wells Fargo (Dkt. No. 29) are DENIED as moot;

3) Hadrovic's motion for continuance of hearings (Dkt. No. 33) is DENIED as moot; and

4) The Clerk is DIRECTED to administratively close this case.

Dated this 16th day of October, 2025.

Kymberly K. Evanson
United States District Judge

---

[5] In *PHL Variable Insurance Company*, the court considered whether it could, under Rule 21, sever claims against defendants that failed the amount-in-controversy requirement and retain jurisdiction over those within its diversity jurisdiction. 2020 WL 1288454, at *6; *see* Fed. R. Civ. P. 21 ("[T]he court may at any time, on just terms, add or drop a party" and "may also sever any claim against a party."). Rule 21 grants a court "discretionary power to perfect its diversity jurisdiction by dropping a nondiverse party provided the nondiverse party is not indispensable to the action under Rule 19." *Sams v. Beech Aircraft Corp.*, 625 F.2d 273, 277 (9th Cir. 1980). The banks have not requested severance here. And given the presumption against removal and the inefficiency of having parallel state and federal actions with identical claims arising out of the same events, the Court will not *sua sponte* sever the claims against Wells Fargo.